UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONNIE SUE WHITLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| HARLEM FURNITURE, LLC ) | |
| d/b/a THE ROOM PLACE, ) | **1:11-cv-0915 TWP-DML** |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e, et. seq., as amended, and the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. §621, et. seq. Connie Sue Whitlock ("Whitlock"), Plaintiff, alleges that Harlem Furniture, LLC d/b/a The Room Place ("The Room Place"), Defendant, violated her rights as guaranteed by Title VII, and the ADEA.

### I. Parties

2. At all times relevant to this action, Whitlock resided within the Southern District of Indiana.

3. The Room Place is a limited liability company that does business in the Southern District of Indiana.

### II. Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 42 U.S.C. §2000e-(5), and 29 U.S.C. §626.

5. Whitlock was an "employee" as that term is defined by 42 U.S.C. §2000e(f) and 29 U.S.C. §630(b).

6. The Room Place is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and 29 U.S.C. §630(b).

7. Whitlock exhausted her administrative remedies by filing charge no. 470-2011-00132 with the U.S. Equal Employment Opportunity Commission and receiving the appropriate notice of suit rights. Whitlock files the instant matter within ninety (90) days of receipt of said notice.

8. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III. Factual Allegations

9. Whitlock is a 64 year old female. She was hired by Defendant, The Room Place (hereinafter "Defendant") on or about February 10, 2009 as a salesperson. Whitlock was transferred to Defendant's store 21 in Greenwood, Indiana in February, 2010.

10. A week after her transfer, another salesman named Jason Warner violated floor rules in order to take a prospective customer which should have belonged to Whitlock. Whitlock complained of the mistreatment, and was given the customer. Within a few days, Warner, clearly referring to Whitlock, said that if someone was not a 'team player' he would see to it that they were fired.

11. Whitlock told the then general manager that she was going to file a complaint, and he replied that he would take care of it.

12. Warner took over as general manager on or about June 28, 2010. He immediately began violating floor rules in order to credit walk in customer sales to younger and male salespeople to the detriment of Whitlock.

13. Warner repeatedly made derogatory remarks to and about female employees, including comments about their breasts, in front of Whitlock. Whitlock complained of the remarks to no effect.

14. During early July, Warner announced repeatedly that "Listen Up", the service which allowed employees to submit complaints of wrongdoing anonymously, had been canceled.

15. Warner asked Whitlock if she wanted to know what happened to written complaints in their store, wadding one up and throwing it away. Shortly thereafter, Warner told Whitlock that she'd better be nice to him, "because if you loose this job at your age its going to be hard to find another one."

16. In August, 2010, after Whitlock complained of Warner diverting sales to male sales managers, Warner threatened to put Whitlock on performance review. When Whitlock later complained of a manager diverting sales to a younger salesperson, Warner mocked her.

17. On August 10, 2010, Whitlock made a complaint of hostile work environment to Listen Up, learning that it was still servicing Defendant.

18. Thereafter, Warner transferred a sale Whitlock had made to a male salesperson in violation of the floor rules. Whitlock protested, but Warner claimed that his action was his discretion as general manager.

19. One of the sales managers advised Whitlock that if she made a complaint about Warner that she would loose her job.

20. Similarly situated younger and male salespeople receive preference over Whitlock, the only remaining older female salesperson, in receiving sales and potential sales.

21. In September, 2010, Warner was transferred to Defendant's Castleton store.

22. Whitlock has been harmed by The Room Place's unlawful conduct.

### IV. Legal Allegations

#### Count One - Title VII: Sex Discrimination

23. Whitlock hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint herein.

24. Whitlock was discriminated against on the basis of her sex.

25. Similarly-situated male employees were treated more favorably in the terms, privileges, and conditions of their employment.

26. Defendant acted with intent, malice, and or reckless disregard as to Whitlock's legal rights under Title VII.

#### Count Two - Age Discrimination

27. Whitlock incorporates paragraphs one (1) through twenty-six (26) of her Complaint herein.

28. Defendant intentionally and willfully discriminated against Whitlock because of her age.

29. Similarly-situated younger employees have been treated more favorably than Whitlock in the terms, conditions, and privileges of their employment.

### Count Three - Retaliation

30. Whitlock hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint herein.

31. Whitlock was retaliated against because she engaged in protected activity.

32. Similarly-situated employees who have not engaged in statutorily protected activity were treated more favorably in the terms, privileges, and conditions of their employment.

33. Defendant acted with intent, malice, and or reckless disregard as to Whitlock's legal rights under Title VII and the ADEA.

### V. Requested Relief

WHEREFORE, Plaintiff, Connie Whitlock, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Enjoin Defendant from future violations of Title VII, the ADEA, and the EPA;

2. All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendant's unlawful actions, in an amount that will make her whole;

3. Liquidated damages for the Defendant's bad faith violations of the ADEA;

4. Compensatory and punitive damages;

5. Payment of her reasonable attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

6. Pre- and post-judgment interest on all sums recoverable; and

7. All other legal and/or equitable relief to which she is entitled.

## VI. Demand for Jury Trial

Plaintiff, Connie Sue Whitlock, by counsel, respectfully requests a trial by jury for all issues deemed so triable.

Respectfully submitted,

_____
John H. Haskin

_____
Paul A. Logan

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:  (317) 955-9500
Facsimile:  (317) 955-2570
E-Mail:  jhaskin@hlllaw.com
　　　　　 plogan@hlllaw.com

Counsel for Plaintiff, Connie Sue Whitlock